## Case No. 703.

### BABCOCK v. WESTON.

[1 Gall. 168.] [1]

Circuit Court, D. Rhode Island. June Term, 1812.

CONFLICT OF LAWS—DISCHARGE UNDER LEX LOCI — CONSTITUTIONAL LAW — POWER OF STATE TO SUSPEND PROCESS OF FEDERAL COURTS.

1. Independent of the constitution of the United States, a discharge of a debt, under the laws of the state where the debt is contracted, is good every where.

[Cited in Woodhull v. Wagner, Case No. 17,-975.]

[See Penniman v. Meigs, 9 Johns. 325; Murray v. De Rottenham, 6 Johns. Ch. 52; Holmes v. Remsen, 4 Johns. Ch. 471; Story, Confl. Laws, §§ 272, 278, 278a; Van Reimsdyk v. Kane, Case No. 16,871, and authorities cited therein.]

2. A state legislature cannot suspend process in the courts of the United States as to its citizens.

[See Duncan v. Darst, 1 How. (42 U. S.) 301; McNutt v. Bland, 2 How. (43 U. S.) 9; Beers v. Houghton, 9 Pet. (34 U. S.) 329; Keary v. Farmers' & Merchants' Bank, 16 Pet. (41 U. S.) 89; Catherwood v. Gapete, Case No. 2,513.]

At law. Assumpsit [by Samuel H. Babcock against Human Weston] upon a contract executed in Boston. The defendant pleaded the pendency of a petition before the legislature of Rhode Island, by the defendant, to obtain the benefit of the insolvent act of that state, and an order of the legislature thereon, continuing the petition to their next session, and directing in the mean time a suspension of all process against the defendant. Demurrer and joinder. The action was commenced after the passing of the order.

Mr. Whipple, for the defendant, in support of the plea, contended, that the order of the legislature of a stay of process was peremptory upon the circuit court, as well as the state court, and therefore, that the action ought to abate.

Searle and Crapo, e contra.

STORY, Circuit Justice. I am of opinion, that the plea is bad. It is not competent for the legislature of Rhode Island to suspend process in the courts of the United States, or to bind citizens of other states by their orders. As this is a suit between a citizen of Massachusetts and a citizen of Rhode Island, on a contract made in Massachusetts, it is exceedingly doubtful, whether an act of insolvency, completely executed under the authority of Rhode Island, would in this court be held a good bar. Putting out of view any consideration of the constitution of the United States, a discharge under the laws of a state may perhaps be held a good bar even as to foreign contracts, of an action brought in the courts of that state; because the courts are bound by such laws; and the party seeking remedy in such courts must pursue it according to the laws of such state. So also in case of a contract made in a state between citizens of that state, a discharge good by its laws, may be good everywhere. But such a discharge of a contract made between a citizen of another state and a citizen of Rhode Island, without the jurisdiction of Rhode Island, may well, in point of legal effect, be doubted. The general rule is, that a contract is governed, as to its construction and efficacy, by the law of the place, where it is made; and a discharge good there, would be sufficient in every other jurisdiction. See Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 122; Ogden v. Saunders, 12 Wheat. [25 U. S.] 213; Clay v. Smith, 3 Pet. [28 U. S.] 411; Woodhull v. Wagner, [supra;] Le Loy v. Crowninshield, [Case No. 8,269;] Phillips v. Allan, 8 Barn. & C. 477; Lewis v. Owen, 4 Barn. & Ald. 654; 2 Bell, Comm. pp. 689-691. But this rule does not extend to support a bar to the contract, where such bar happens to be good merely by the law of the place, where the action is brought, and the party is found; unless the courts within that state, where the remedy is sought, are exclusively bound by its regulations. However, on all these points I give no opinion.

The allegations contained in the plea might possibly afford a ground for a continuance of the cause, if it were certain, that the act of insolvency would ever be granted. But it rests in contingency, and even if granted, may never be a sound bar to the action. It would be too much to hold a mere application to the legislature a ground for the postponement of the rights of parties, who have regular claims before the court. I make this suggestion, because it has been intimated, that the bar, if bad, may in the discretion of the court be allowed to operate a continuance until the next term, in order then to ascertain the ultimate decision of the legislature. Plea adjudged bad, and judgment for the plaintiff.