## PUGH *v.* BUSSEL.

A debtor was discharged, under an insolvent law of *Ohio*, as to the imprisonment of his person, from a debt due to the payee on a promissory note. The parties resided in *Ohio*, and the debt was there contracted. *Held*, that the debtor might plead the discharge, so far as respected the imprisonment of his person, in bar of an action brought against him in this state on the note by an assignee thereof.

*Saturday,*
*December 4.*

ERROR to the *Rush* Circuit Court.

SCOTT, J.—Debt by *Bussel*, assignee of *Jackson*, against *Pugh*, in the *Rush* Circuit Court. The suit is brought on a note, executed by *Pugh* to *Jackson*, when they both resided in the state of *Ohio*. The defendant pleads a discharge under the act of assembly of that state, for the relief of insolvent debtors, and claims the benefit of that discharge, as to his person, here. To this plea there is a demurrer, and the judgment is for the plaintiff.

The case presents but one question for our consideration:—Is a discharge of the defendant, pursuant to the insolvent law of *Ohio*, a bar to an action, as to the defendant's person, in this state? The contract was made in *Ohio;* the parties to the contract were, at the time, both citizens of that state; the laws of *Ohio* gave effect to the contract, and by those laws its legal operation ought to be determined. If, by the laws of *Ohio*, the person of the defendant was discharged from any further liability to the plaintiff on that contract, his liability is not revived by his becoming a resident of this or any other state; but a discharge, good by the laws of the state where the parties both resided, and where the contract was made, is good every where. 1 Gall. Rep. 168. The assignment of the note by *Jackson* to *Bussel* does not affect the case; the assignee acquired all the rights of the assignor and no more. For these reasons, as well as from a consideration of the reciprocal obligations of the states, under the federal compact, we think the discharge of the defendant in *Ohio* is a good bar to an action here, as to his person. The judgment, if any, ought to be of goods and chat-

tels, lands and tenements, only (1).  This opinion is supported
by the decisions of the Courts in *Massachusetts*, *New-York*, *Penn-*
*sylvania*, and *Ohio*.   1 Dall. Rep. 229.—2 Dall. Rep. 100.—5
Mass. Rep. 509.—2 Johns. Rep. 235, 363.—3 Binn. Rep. 201.
—5 Binn. Rep. 332, 336.—1 Hamm. Rep. 236.

*Per Curiam.*—The judgment is reversed with costs.   Cause
remanded, &c. (2).

*Smith*, for the plaintiff.

*Rariden*, for the defendant.

Nov. Term,
1830.

(1) Form of the judgment in such a case:—Therefore it is considered, that the
said *A. B.* do recover against the said *C. D.* his damages aforesaid, by the said in-
quisition above found, and also —— dollars for his costs and charges by him about his
suit in this behalf expended; which said damages, costs, and charges, in the whole
amount to —— dollars: to be levied not on the person of the said *C. D.*, but on his
goods and chattels, lands and tenements, according to law.   And the said *C. D.* in
mercy, &c.   Bingh. on Judg. 328.

(2) A re-hearing was granted in this cause, but the same judgment in it, as in the
text, was afterwards rendered.   Vide the same case, *Nov.* term, 1831, post.